[Civ. No. 5290. First Appellate District, Division One.—December 17, 1925.]

JANE B. LEE, Appellant, v. H. P. ZIMMERMAN, as Public Administrator, et al., Respondents.

[1] CONTRACTS — SERVICES — CONSTRUCTION — WILLS.—Where plaintiff agreed orally with another, later deceased, to care for the latter the balance of her natural life provided she would give to plaintiff by will or otherwise so much of her property as should remain after she had been properly cared for and payment made of her

---

1. See 26 Cal. Jur. 831.

debts, including expenses of her last illness and funeral, it was not the intention of the parties that any part of the property owned by deceased should be specifically devised or bequeathed to plaintiff, but that plaintiff should acquire the residue of the estate after payment of the debts and, by necessary implication, the costs of administration.

[2] ID.—ENFORCEMENT OF CONTRACT — PARTIES — TRUSTS.—Plaintiff's action for the enforcement of such oral contract against the administrator of the deceased's estate and against parties who acquired by purchase from the estate certain real property, is in effect one to impress a trust upon the residue of the estate and to determine the respective rights of those beneficially interested therein, to which litigation the heirs of deceased are the necessary and only proper parties, and in which neither the administrator nor the purchasers of property of the estate at a probate sale are interested.

---

(1) 40 Cyc., p. 1066, n. 76.    (2) 40 Cyc., p. 1072, n. 26 New.

APPEAL from a judgment of the Superior Court of Riverside County. William H. Ellis, Judge. Affirmed.

The facts are stated in the opinion of the court.

George Goode for Appellant.

H. K. Stahl for Respondents.

CASHIN, J.—An action by appellant for the enforcement of an oral contract by Eva Boyd to make a certain testamentary disposition of her property, said Eva Boyd having died intestate. The heirs of the deceased were not made parties to the action, the persons joined as defendants being the public administrator of the county of Riverside, to whom letters of administration of the estate of the intestate had been granted, and others who acquired by purchase from the estate certain real property the legal title to which was vested in the intestate at the time of her death, the proceedings mentioned having been so far as appears from the complaint in all respects regular.

The estate consisted of the real property mentioned on which the deceased resided at the time of her death, and

---

2.   See 26 Cal. Jur. 836.

certain household effects and garden implements, the whole valued at the sum of four thousand dollars.

The terms of the contract as alleged in the complaint were as follows: "On or about the 20th of October, 1921, plaintiff agreed with Mrs. Eva Boyd, now deceased, that she would care for her the balance of her natural life provided the said Eva Boyd would give her by will or otherwise all of the property of which she was then possessed or as much thereof as should remain after being properly cared for, paying her debts, including her last illness and funeral expenses. . . . That it was further agreed, in case the small pension of said Eva Boyd of thirty dollars per month was insufficient for household expenses and to keep up the property of said Eva Boyd and other current expenses, then plaintiff should pay up the balance."

It is further alleged that appellant, pursuant to the contract, removed from her residence in San Francisco, which removal entailed considerable loss and expense, and on November 30, 1921, went into possession of the property "in common" with Mrs. Boyd, caring for and nursing the latter and paying part of the expenses of their "joint residence together," which continued until the death of the intestate on January 26, 1922, appellant being thereafter dispossessed by the public administrator, and that the agreement had been fully performed by appellant. The complaint also alleges facts tending to support the conclusion that the agreement was fair and reasonable; that the consideration moving from appellant was adequate, and prays the decree of the court adjudging her to be the owner of the property of the estate.

A general demurrer in which the defendants joined was sustained, and appellant, having declined to amend, a judgment was entered thereon, from which this appeal was taken.

[1] Assuming, without deciding, that the agreement was one which might be enforced in equity, it is clear from its terms that it was not the intention of the parties that any part of the property owned by the deceased should be specifically devised or bequeathed to appellant, but that the latter should acquire the residue of the estate after payment of the debts, including funeral expenses, and, by necessary implication, the costs of administration. [2] Such being

the reasonable construction of the agreement, in view of the circumstances alleged, the action in effect was one to impress a trust upon the residue of the estate and to determine the respective rights of those beneficially interested therein, to which litigation the heirs of the deceased are the necessary and only proper parties, and in which neither the administrator nor the purchasers of property of the estate at a probate sale are interested (*Estate of Healy,* 137 Cal. 474 [70 Pac. 455]; *McCabe* v. *Healy,* 138 Cal. 81 [70 Pac. 1008]).

The complaint failed to state a cause of action against the defendants and the demurrer thereto was properly sustained. The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.