[Civ. No. 16183.   Second Dist., Div. Three.   Dec. 23, 1947.]

Estate of FRANCIS MALCOLM CROPPER, Deceased. THEODORE MALCOLM et al., Respondents, v. TINA STEVENS, Appellant.

Chambers & Lyman, Robert Chambers and Edward L. Conroy for Appellant.

Newmark & Hamblin and Donald W. Hamblin for Respondents.

SHINN, Acting P. J.—Francis Malcolm Cropper died intestate in the city of Los Angeles, leaving a large estate consisting of personal property. His only heir at law is Theodore Malcolm, a cousin, who resides in the State of New York. The public administrator, as administrator of the estate, filed his accounts and his petition to determine heirship and for partial distribution. When the petition came on for hearing, Tina Stevens, appellant herein, appeared and objected to any order of partial distribution. She alleged that she was an intimate friend of decedent and a foster daughter of his aunt, Mrs. Edwin Stevens; that in the month of June, 1923, at the request of decedent, she entered into a written agreement with him by the terms of which she agreed that she would forsake her theatrical profession and devote her life to maintaining a home for Mrs. Edwin Stevens for as long as Mrs. Stevens lived, and after the death of Mrs. Stevens that she would maintain a home and care for the said Francis Malcolm Cropper until his death, rendering filial services, society and affection, and that in consideration thereof the said Francis Malcolm Cropper agreed that he would leave a will at the time of his death making her his sole beneficiary of whatever estate he might possess at the time of his death; that in reliance upon the agreement, she gave up her theatrical profession and faithfully performed the agreement on her part until the death of Mrs. Stevens, and thereafter rendered full performance to decedent, until his death on March 15, 1946. She prayed for an order that she be declared the sole beneficiary of his estate, that the contract be specifically enforced and that the administrator or anyone else having estate of the decedent in his possession, be declared a trustee holding the same for her use and benefit. She also alleged that she had instituted in the Superior Court of Los Angeles County, an action in which she sought spe-

cific performance of said agreement; that the action had been removed to the federal court, a motion to remand was pending, and that the action had not been tried. Upon the hearing for partial distribution, the court sustained an objection to an offer of appellant to prove the facts alleged in her objections, holding that the issues raised thereby were not within the probate jurisdiction of the court in the estate matter. The estate was found to be in condition for partial distribution and the same was ordered. Tina Stevens has appealed and seeks a reversal of the order for partial distribution.

Theodore Malcolm has moved to dismiss the appeal upon the ground that Tina Stevens was not a party to the probate proceeding, was not aggrieved by the order, and is therefore not a party entitled to appeal therefrom.

Upon the death of Francis Malcolm Cropper such property as he then owned passed by the laws of succession to Theodore Malcolm, as his sole heir at law, subject to administration. The right under the agreement which appellant seeks to enforce is to impress a trust upon the whole of this property. The relief which appellant seeks in her independent action is known as "quasi specific performance" and if she is successful, Theodore Malcolm will be charged as trustee as to any property belonging to appellant which he may have received from the estate. ▇ So far as the estate proceedings are concerned, appellant's cause of action on the alleged agreement must be deemed one against him alone, and not enforceable in probate against the personal representative of the estate. (*McCabe* v. *Healy,* 138 Cal. 81 [70 P. 1008] ; *Lee* v. *Zimmerman,* 75 Cal.App. 617 [243 P. 62] ; *Bank of California* v. *Superior Court,* 16 Cal.2d 516 [106 P.2d 879] ; *Notten* v. *Mensing,* 3 Cal.2d 469 [45 P.2d 198] ; *Rundell* v. *McDonald,* 62 Cal.App. 721 [217 P. 1082].) ▇ In an estate proceeding it is the duty of the court to distribute the estate to the persons entitled under the will or by succession, or their grantees. (*Estate of Crooks,* 125 Cal. 459 [58 P. 89] ; *Martinovich* v. *Marsicano,* 137 Cal. 354 [70 P. 459].) ▇ It is without jurisdiction to determine the rights of parties asserting title, as appellant does, adversely to the estate and to those who take by will or the laws of succession. (*Estate of Harris,* 9 Cal.2d 649, 664 [72 P.2d 873] ; *Estate of Rolls,* 193 Cal. 594, 599 [226 P. 608] ; *Fuller* v. *Nelle,* 12 Cal.App.2d 576 [55 P.2d 1248] ; *Bath* v. *Valdez,* 70 Cal. 350

[11 P. 724].) ▇ The rights of appellant are not concluded or affected by the decree of partial distribution. (*Rogers* v. *Schlotterback*, 167 Cal. 35 [138 P. 728]; *Estate of Rowland*, 74 Cal. 523 [16 P. 315, 5 Am.St.Rep. 464].) ▇ Upon finding that the condition of the estate was such as to admit of partial distribution, it was the duty of the court to order partial distribution, notwithstanding the claims of appellant under her alleged agreement. (*Estate of Dutard*, 147 Cal. 253 [81 P. 519]; *Johnson* v. *Superior Court*, 102 Cal.App. 178 [283 P. 331].)

▇ Since appellant was not a party to the proceeding to determine heirship and for partial distribution and her rights are in no manner affected thereby, she is not aggrieved by the order and has no right to appeal therefrom. Her attempted appeal should be dismissed. (Code Civ. Proc., § 938; Prob. Code, § 1233; *Estate of Crooks, supra;* 2 Cal.Jur. p. 215; *Estate of Thor,* 11 Cal.App.2d 37 [52 P.2d 966]; *Estate of Burdick,* 112 Cal. 387 [44 P. 734].)

The appeal is dismissed.

Wood, J., and Vallée, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 19, 1948.