[Civ. No. 19825.   Second Dist., Div. Three.   Mar. 1, 1954.]

HOWARD DANIELS, Appellant, v. VIRGINIA J. BRIDGES, Individually and as Administratrix, etc., Respondent.

Gordon, Schaffer & Lang and Walter L. Gordon, Jr., for Appellant.

Earl C. Broady and Rufus W. Johnson for Respondent.

VALLÉE, J—Appeal by plaintiff from an adverse judgment in a suit for declaratory relief, to establish a constructive trust, and for an injunction.

On May 16, 1946, Eddie and Sarah Robinson, husband and wife, made a joint will by which each of them bequeathed and devised all of his and her property "after the death of the two of us" to plaintiff, Howard C. Daniels. There was no evidence of the making of a written contract by Eddie and Sarah to execute the joint will. Sarah died on August 21, 1946. The joint will had not then been revoked; but it has not been probated. On Sarah's death, Eddie took possession of all of their property, which included two parcels of realty held by them in joint tenancy. On May 5, 1948, Eddie made a will by which he revoked all former wills and bequeathed and devised all of his property to Mary Louise Webb. On

May 13, 1948, he married Mary Louise. On August 13, 1950, Eddie died leaving Mary Louise surviving him. Eddie's will of May 5, 1948, was admitted to probate. His estate has not been distributed. On December 14, 1950, Mary Louise died intestate. Defendant is her sole heir and administratrix of her estate.

On the foregoing facts, plaintiff sought a decree (1) declaring his rights under the joint will of May 16, 1946; (2) adjudging that he is the owner of the property bequeathed and devised by that will, subject to administration of Eddie's estate; (3) adjudging that defendant holds the property in trust for his use and benefit, and that she be required to account for the same; (4) enjoining her from disposing of any of the property; (5) declaring that Eddie's will of May 5, 1948, is null and void.

The court found that Eddie and Sarah did not make an oral agreement and in performance thereof execute the joint will of May 16, 1946, to the effect that on "their death" all of their property should go to plaintiff, and concluded that Eddie revoked that will by the due execution of the will of May 5, 1948, and that the property became the sole and separate property of Eddie on the death of Sarah. Judgment was entered accordingly. Plaintiff appeals.

Plaintiff's specifications of error are: 1. The judgment is contrary to law and the evidence, and the findings of fact are not supported by the evidence. 2. The court failed to make findings on material issues. He argues that the will of May 16, 1946, was irrevocable and that the will of May 5, 1948, was of no force or effect. His contentions cannot be sustained.

■ A joint will is a single testamentary instrument constituting or containing the wills of two or more persons, and jointly executed by them as their respective wills. ■ It is not necessarily either mutual or reciprocal. It is, in legal effect, the separate will of each of the persons executing it. ■ The fact that it is executed by both or all of such persons does not affect its validity or effect as the will of anyone of them.[1] ■ Mutual wills are the separate wills of two or more persons which are reciprocal in their provisions. ■ A joint and mutual will is one instrument executed jointly by two or more persons, the provisions of which are

[1] 69 C.J. 1295, § 2709; Anno.: 169 A.L.R. 9, 11.

reciprocal.[2] ■ Each will, in one instrument, is a unilateral act, and its execution creates no rights in the legatees or devisees, as the will is ambulatory until the death of the testator. ■ A joint or a mutual will may be revoked by any of the testators in like manner as any other will.[3]

■ A person may contract to make a particular disposition of his property by will.[4] ■ The statute of frauds applies to such a contract; it must be in writing.[5] ■ The contract may be in the mutual will.[6] ■ The mere fact that a joint will contains reciprocal, or similar or identical, provisions is not of itself sufficient evidence of a contract, nor is it enough to establish a legal obligation to forbear revocation in the absence of a valid contract.[7] ■ Revocation of the will by one of the parties is a breach of the contract. ■ When two persons execute a joint and mutual will, or mutual wills, pursuant to an oral contract, and one of the parties dies before one of them revokes his will, and the survivor accepts the benefits of the decedent's will and then revokes, a constructive fraud, sufficient to raise an estoppel, has been practiced on the first decedent and on the beneficiaries of the oral contract. In such a case equity will enforce a constructive trust on the property.[8] ■ The

[2]*Frazier* v. *Patterson*, 243 Ill. 80 [90 N.E. 216, 17 Ann.Cas. 1003, 27 L.R.A.N.S. 508]; anno.: 169 A.L.R. 9, 12.

[3]Prob. Code, § 23; *Notten* v. *Mensing*, 3 Cal.2d 469, 473 [45 P.2d 198]; *Shive* v. *Barrow*, 88 Cal.App.2d 838, 839, 843 [199 P.2d 693]; 26 Cal. Jur. 832, § 162; anno.: 169 A.L.R. 9, 22; 13 Cal.L.Rev. 179; 17 Mich. L.Rev. 677; 77 Univ.Pa.L.Rev. 357; 15 Corn.L.Quar. 358.

[4]*Brown* v. *Superior Court*, 34 Cal.2d 559, 563-565 [212 P.2d 878]; *Sonnicksen* v. *Sonnicksen*, 45 Cal.App.2d 46, 52, 55 [113 P.2d 495].

[5]Civ. Code, § 1624, subd. 6; *Notten* v. *Mensing*, 3 Cal.2d 469, 473-474 [45 P.2d 198]; *Shive* v. *Barrow*, 88 Cal.App.2d 838, 843 [199 P.2d 693].

[6]For a mutual will which constitutes a contract not to revoke, see *Chase* v. *Leiter*, 96 Cal.App.2d 439, 450 [215 P.2d 756]; *In re Brown's Estate*, 101 Kan. 335 [166 P. 499]; *Warwick* v. *Zimmerman*, 126 Kan. 619 [270 P. 612]; *Sage* v. *Sage*, 230 Mich. 477 [203 N.W. 90]; *Schumacker* v. *Schmidt*, 44 Ala. 454 [4 Am.Rep. 135]. See, also, Mechem and Atkinson, ''Cases and Materials on Wills and Administration,'' 3d ed., 388.

[7]*Rolls* v. *Allen*, 204 Cal. 604, 608 [269 P. 450]; *Notten* v. *Mensing*, 3 Cal.2d 469, 477 [45 P.2d 198]. See 20 Cal.L.Rev. 217, 218.

[8]*Rolls* v. *Allen*, 204 Cal. 604, 607 [269 P. 450]; *Notten* v. *Mensing*, 3 Cal.2d 469, 473-476 [45 P.2d 198]; *Bank of California* v. *Superior Court*, 16 Cal.2d 516, 524 [106 P.2d 879]; *Brown* v. *Superior Court*, 34 Cal.2d 559, 564 [212 P.2d 878]; *Fuller* v. *Nelle*, 12 Cal.App.2d 576 [55 P.2d 1248]; *Sonnicksen* v. *Sonnicksen*, 45 Cal.App.2d 46, 52-53 [113 P.2d 495]; *Ryan* v. *Welte*, 87 Cal.App.2d 897 [198 P.2d 357]; *Shive* v. *Barrow*, 88 Cal.App.2d 838, 843 [199 P.2d 693]; *West* v. *Stainback*, 108 Cal.App.2d 806, 814-815 [240 P.2d 366]; anno.: 169 A.L.R. 9, 58.

right to enforce such a contract is not restricted to the promisee. Intended legatees and devisees are entitled to enforce their rights under the contract.[9]

■ Eddie Robinson had the legal right to revoke the will of May 16, 1946, as a will. He took possession of the property bequeathed and devised by that will on the death of Sarah; and although it was not probated on her death, we assume he accepted the benefits of Sarah's will. ■ Anyone taking from or through him is estopped from asserting title to the property bequeathed and devised by that will only if Eddie and Sarah entered into a contract to the effect that each, in consideration of the promise of the other, would make the will of May 16, 1946, and that it would not be re- voked. ■ The language of the joint will of Eddie and Sarah Robinson is purely testamentary in character; there is nothing to indicate a contractual intent, or to indicate that the disposition to plaintiff was the result of a contract as would deprive the survivor of the right of revocation. There is no evidence that each promised to keep his will in force. There is nothing in the facts and circumstances in evidence, surrounding the execution of the joint will, which would support or compel the conclusion that the parties intended or undertook to bind themselves irrevocably on the prior death of either.

*Fuller* v. *Nelle,* 12 Cal.App.2d 576 [55 P.2d 1248], does not help appellant. In that case there was testimony that a contract had been made between the makers of a joint and mutual will that neither would revoke the will.

Plaintiff asserts the court failed to find on the question of whether Eddie came into possession of certain personal property on the death of Sarah and retained possession until his death. The court found that he did and the parties so assume on the appeal. Plaintiff also asserts the court failed to find there is a controversy between the parties. Such a finding would have been surplusage. It seems quite apparent there is a controversy.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

---

[9]*Brown* v. *Superior Court,* 34 Cal.2d 559, 563-565 [212 P.2d 878].