[Civ. No. 20851.   First Dist., Div. Three.   Sept. 10, 1963.]

FLOYD V. SMITH et al., Plaintiffs and Respondents, v. CLINTON E. SMITH, Defendant and Appellant.

Bohnett, Hill & Bohnett, Bohnett, Hill, Bohnett, Smeed & Collins and L. D. Bohnett for Defendant and Appellant.

Tinning & DeLap and Robert Eshleman for Plaintiffs and Respondents.

SALSMAN, J. — This is an appeal from a judgment dismissing appellant's cross-complaint after the trial court sustained respondents' demurrer without leave to amend. The

order sustaining the demurrer was made on the sole ground of res judicata.

In order to understand respondents' plea of res judicata and the reason for the trial court's judgment it is necessary to notice some of the prior proceedings in the estate of Clara I. Smith. During the administration of that estate respondents petitioned the court to determine heirship, and at the same time filed a complaint against appellant seeking declaratory relief and to establish a trust. The respondents attached to the complaint in the declaratory relief action a copy of an agreement between Clara I. Smith and appellant, and also a copy of decedent's will and codicil. These three documents were also before the court in the heirship proceedings.[1]

The appellant appeared in response to notice in connection with the respondents' petition to determine heirship. Appellant filed no statement of interest, but stipulated that there was no apparent ambiguity in the documents comprising the will of the decedent which would require the taking of oral testimony. Appellant contended in the heirship proceedings that under the will of Clara I. Smith he was entitled to have the real property described in the agreement distributed to him in fee. Respondents contended that appellant was entitled only to a life estate under the will and that distribution of the real property should be made to appellant in trust for the benefit of certain nephews of the deceased. The court found that appellant was entitled to a life estate only and ordered distribution in trust for the benefit of the other parties in interest. This decree determining heirship and directing distribution was affirmed on appeal (*Estate of Smith,* 196 Cal. App.2d 544 [16 Cal.Rptr. 681]) and is the foundation of respondents' claim of res judicata.

After the judgment had been affirmed in *Estate of Smith, supra,* appellant appeared in the declaratory relief action with which we are here concerned. Appellant filed an answer to the complaint and also filed a cross-complaint. In the cross-complaint appellant alleged an oral agreement and claimed that in 1927 Clara I. Smith represented to him that she would purchase land if appellant would devote his entire time to its development as an orchard; that she would divide the net income

---

[1] The pertinent provisions of the will of Clara I. Smith are set out at length in *Estate of Smith,* 196 Cal.App.2d 544, 546-548 [16 Cal.Rptr. 681], and are not repeated here. Decedent's will consisted of the original will, a codicil to the will, and the written agreement between the testatrix and Clinton E. Smith, which agreement was incorporated into the will by the terms of the codicil.

equally with him; and "upon her death, she would give, devise and bequeath all of said land, together with the personal property thereon, to him without restriction or limitation." Appellant further alleges full performance on his part and refusal on the part of respondents to recognize and give effect to the oral agreement. It was to this cross-complaint that respondents successfully demurred, on the stated ground of res judicata.

In support of the trial court's judgment of dismissal respondents argue that appellant could have presented all of his evidence relating to the claimed oral agreement at the time of hearing on the petition to determine heirship; that appellant's claims and rights, if any, could have been adjudicated in that proceeding, and hence since appellant failed to present the issue of the claimed oral agreement the decree determining heirship is nevertheless res judicata of the claims appellant now asserts. This contention cannot be supported.

■ When respondents filed their petition to determine heirship they invoked the jurisdiction of the court sitting in probate, and called upon the court to exercise the jurisdiction conferred upon it by Probate Code sections 1080-1082. ■ In that proceeding the court had jurisdiction to interpret the will of the decedent (*Estate of Neubauer*, 49 Cal.2d 740 [321 P.2d 741]), and in interpreting the will the court's primary objective was to discover and give effect to the intention of the testatrix. (Prob. Code, § 101; *Estate of Brunet*, 34 Cal. 2d 105, 107 [207 P.2d 56, 11 A.L.R.2d 1382].) ■ The written contract between appellant and the testatrix was a part of the will because it was incorporated into the will by the terms of the codicil. ■ In the heirship proceedings the court had jurisdiction to determine who was entitled to distribution and to specify the interests which the distributees were to receive under the will. (Prob. Code, § 1081.) ■ Because there was no ambiguity in any of the written instruments which made up the will of the testatrix the court was limited in determining her intention to a consideration of the language of the will itself. (*Estate of Hoytema*, 180 Cal. 430 [181 P. 645].) ■ Since in the heirship proceedings the court was concerned only with the will of the decedent, it could not properly receive evidence concerning the oral agreement described in appellant's cross-complaint. ■ The appellant is not in privity with the estate, and his claims under the alleged oral agreement are hostile and adverse to the

estate. A long line of cases has firmly established the rule that the court, sitting in probate, has no jurisdiction to determine disputes between the representative of the estate and those persons not in privity to the proceedings. In *Estate of Cropper*, 83 Cal.App.2d 105, 107 [187 P.2d 780], the court said: ''In an estate proceeding it is the duty of the court to distribute the estate to the persons entitled under the will or by succession, or their grantees. (*Estate of Crooks*, 125 Cal. 459 [58 P. 89]; *Martinovich* v. *Marsicano*, 137 Cal. 354 [70 P. 459].) It is without jurisdiction to determine the rights of parties asserting title, as appellant does, adversely to the estate and to those who take by will or the laws of succession. (*Estate of Harris*, 9 Cal.2d 649, 664 [72 P.2d 873]; *Estate of Rolls*, 193 Cal. 594, 599 [226 P. 608]; *Fuller* v. *Nelle*, 12 Cal. App.2d 576 [55 P.2d 1248]; *Bath* v. *Valdez*, 70 Cal. 350 [11 P. 724].)'' ▮ Thus the rights of appellant under the claimed oral agreement described in the cross-complaint could not have been adjudicated by the court in the heirship proceedings but must be determined in an independent action in equity in which appellant's right to quasi-specific performance may finally be decided. It necessarily follows that the decree determining heirship, affirmed in *Estate of Smith, supra,* is not res judicata of appellant's claims under the oral agreement alleged in the cross-complaint.

In this appeal we have considered the subject of res judicata only, because it was upon this basis that the court made its decision, as appears in the written order sustaining demurrer. The statute of frauds, the parol evidence rule, and other points which may be available to the defense are not within the purview of this appeal.

The judgment is reversed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied October 9, 1963, and respondents' petition for a hearing by the Supreme Court was denied November 6, 1963. Traynor, J., was of the opinion that the petition should be granted.