[Civ. No. 21261.   First Dist., Div. Two.   Mar. 16, 1964.]

Estate of WATERS J. LEE, Deceased. LOUIS WING, Petitioner and Appellant, v. MARCELINA LEE, Objector and Respondent.

Estate of GRACE M. LEE, Deceased. LOUIS WING, Petitioner and Appellant, v. MARCELINA LEE, Objector and Respondent.

(Consolidated Cases.)

Joshua W. Thomas and John F. Roake for Petitioner and Appellant.

Clifford J. Krueger for Objector and Respondent.

AGEE, J.—On July 16, 1956, Waters J. Lee and Grace M. Lee, who were husband and wife, went to the office of Sanford Pearl, a notary public. They brought with them an instrument which had been written out in longhand. Both told him that it was their will and asked him to notarize it.

Both affixed their signatures in Pearl's presence and he then signed it in their presence and attached his jurat.

The instrument as completed is as follows:

"My last will & testament                                    July 16, 1956
"We, Waters J. Lee and Grace M. Lee leave all properties, monies and bonds to the other in the event of one of the above parties demise, or in the event of Death of both to Louis Wing.

> " [Signed]   Waters J. Lee
> " [Signed]   Grace M. Lee
> "Subscribed and Sworn to before me this 16th day of July 1956
>     [Signed] Sanford Pearl   Notary Public In and for the City and County of San Francisco, State of California
> "My Commission Expires Jan. 5, 1957."

Grace died on September 13, 1962. Waters then married Marcelina on October 15, 1962. Waters died on November 6, 1962.

Louis Wing is the surviving son of Grace. In separate petitions he offered said instrument for admission to probate as the last will and testament of his stepfather and his mother, respectively. Marcelina, as the widow of Waters, objected to both petitions and each was denied. Louis has appealed separately from the orders of denial.

Marcelina's objection is based upon the ground that the instrument does not comply. with the requirement of section 50 of the Probate Code that, to constitute a valid witnessed will, "[T]here must be at least two attesting witnesses, each

of whom must sign the instrument as a witness, at the end of the will, at the testator's request and in his presence.''

Objector (Marcelina) concedes that the notary qualifies as one of the two witnesses required even though he thought he was signing as a notary. (Cf. *Estate of Montgomery*, 89 Cal. App.2d 664, 668 et seq. [201 P.2d 569].) The issue is whether each of the testators qualifies as a second witness to the will of the other.

A joint will is authorized by section 23 of the Probate Code. It is ''a single testamentary instrument constituting or containing the wills of two or more persons, and jointly executed by them as their *respective* wills. . . . *It is, in legal effect, the separate will of each of the persons executing it*. The fact that it is executed by both or all of such persons does not affect its validity or effect as the will of any one of them.'' (*Daniels* v. *Bridges*, 123 Cal.App.2d 585, 588 [267 P.2d 343].) (Italics ours.)

Upon the death of one of the testators the instrument is offered for probate as the separate will of such testator. There is no ''joint'' probate with the estate of another deceased testator. Just as in the instant matter, separate probate proceedings are taken in the estate of each testator. In legal effect, it is the same as though there were two mutual but separate wills. (See *Daniels* v. *Bridges, supra*, at pp. 588-589.)

If there were two separate pieces of paper, on one of which Waters had drawn his will and on the other of which Grace had drawn her will, there could be no question that Grace would have been competent to act as a witness to Waters' will and Waters would have been competent to act as a witness to Grace's will.

The fact that Grace is a beneficiary under Waters' will does not disqualify her as a witness. This only affects her bequest. (Prob. Code, § 51.) The will itself is unaffected. (4 Witkin, Summary of Cal. Law, ''Wills and Probate,'' § 51, p. 3041.) The same is true, of course, as to the competency of Waters as a witness to Grace's will.

Neither Waters nor Grace made any statement in the presence of the notary that indicated an intent by either to act in a dual capacity, i.e., as a testator and as an attesting witness to the cotestator's will. This is not necessary.

In *Estate of LaMont*, 39 Cal.2d 566 [248 P.2d 1], the trial court found that one Fred C. Smith was not requested by the decedent to affix his signature to the latter's will as a witness

but that he was requested by the decedent to do so as executor. The Supreme Court nevertheless held that Fred was a qualified attesting witness, stating at page 569: "[I]t is immaterial that Fred may have thought he was signing in the capacity of executor. There is nothing in the statute which requires proof of a specific intent *to act solely as a witness*, and, in our opinion, no such intent is necessary where the person who is relied on as a witness observed all of the events to which he is required to attest and signed the instrument. ... It is well settled that a testator need not follow any particular form in asking a person to attest his will. For example, the request need not be express but may be *implied* from the facts and circumstances surrounding the execution." (Italics ours.) (See also, *Estate of Silva*, 169 Cal. 116, 120 [145 P. 1015].)

In *Estate of Montgomery, supra,* which involved a witness acting also as a notary public, the court called attention to an early case, *Panaud* v. *Jones,* 1 Cal. 488, stating that it "held that under the civil law an *escribano* may act in the double capacity of *escribano* and witness, in the execution of a will." (P. 671.)

Thus, the concept of an attesting witness acting in a dual capacity is not new to our law.

In *Estate of LaMont, supra,* it is further stated: "The function of an attesting witness to a will is to take note that those things are done which are required by the statute and to subscribe his name to the instrument."

As a witness to Waters' will, Grace took note of those things in connection therewith which are required by statute to be done in the execution of a witnessed will. As a witness to Grace's will, Waters was in the same position. Each had within his or her knowledge the same things which the notary, Pearl, had. Only death prevented Waters and Grace from being competent to testify to the same things to which Pearl testified.

 Nor is the order of the signing of the will of consequence herein. "[I]t was immaterial whether the testator signed his name before or after the witnesses signed their names to the document executed as a will, if it appeared that all the parties signed it at the same time and as a part of the same transaction. The statute does not make the order of signing material." (*Estate of Silva, supra,* at p. 122.)

The events surrounding the execution of the will include every formal protection intended to be provided by the

statute and show that its purposes have been accomplished. There is nothing in the record to indicate that the statute has not been followed in each particular.

■ Petitioner also contends that said instrument may be held to be the holographic will of Grace. He makes the statement that all of the wording appearing above Grace's signature, except the signature of the cotestator and the words "My last will & testament," were written by her.

Objector points out that this contention cannot be considered by us because there is no testimony or offer of proof in the record in support of such statement. While this state of the record may have resulted from an oversight by petitioner in presenting his case, we must agree with objector as to this point.

■ Petitioner has also appealed from the orders denying his petitions to be appointed as administrator with the will annexed of the estates of the respective testators. He makes no argument in his briefs in support of these appeals and we therefore deem them to be waived or abandoned. (4 Cal. Jur.2d, Appeal and Error, § 480, p. 310.)

The orders denying the admission of the instrument to probate as the joint witnessed will of Waters J. Lee and Grace M. Lee are reversed; the orders denying the appointment of petitioner as administrator with the will annexed of the estates of the respective testators are affirmed. Appellant (petitioner) is to recover costs.

Shoemaker, P. J., and Taylor, J., concurred.

A petition for a rehearing was denied April 15, 1964, and respondent's petition for a hearing by the Supreme Court was denied May 13, 1964. Peters, J., was of the opinion that the petition should be granted.