[Civ. No. 25332. First Dist., Div. Three. June 26, 1969.]

SANDRA SMITH DI SALVO, Plaintiff and Appellant, v. BANK OF AMERICA, as Executor, etc., et al., Defendants and Respondents.

352

De Mattei, Mariani, Rainville, Chargin & Chargin, Henry Mariani and Harry J. Kaplan for Plaintiff and Appellant.

Berol, Loughran & Geernaert, Bruce R. Geernaert and Hope L. Greenhill for Defendants and Respondents.

BROWN (H. C.), J.—This is an appeal from a judgment of dismissal with prejudice following the sustaining of a demurrer to the first amended complaint without leave to amend. The demurrer was sustained on the basis that the complaint alleged an oral contract to make a will and thus was not enforceable under the provisions of Civil Code section 1624, subdivision 6.

Plaintiff contends that under the facts stated in the complaint defendants are estopped to assert as a defense the statute of frauds.

Plaintiff, Sandra Smith Di Salvo, is the daughter of A. T. Smith, Jr., and Ethel Smith, and the granddaughter of A. T. Smith, Sr., and Alma Smith. A. T. Smith, Jr., plaintiff's father, died on or about March 9, 1967, leaving a will which is being probated in Santa Clara County. In this action plaintiff seeks to impose a constructive trust in her favor on one-half of the property in A. T. Smith, Jr.'s estate. As the basis for her action, plaintiff alleges that A. T. Smith, Jr., by making the will in question, breached an oral agreement with his father A. T. Smith, Sr., and his mother, Alma Smith, in which he promised to leave one-half of his property to plaintiff.

The allegations of the first amended complaint which the trial court found to be vulnerable to attack by demurrer may be summarized as follows: For several years prior to his death A. T. Smith, Sr., lived with a woman named Josephine Smith and held her out as his legal wife, despite the fact that he was married to Alma Smith. At some time subsequent to August 1, 1941, A. T. Smith, Sr., Alma Smith, A. T. Smith, Jr., and his wife, Ethel, met and discussed the disposition to be made of the property of A. T. Smith, Sr. Alma Smith agreed to allow A. T. Smith, Sr., to dispose of all their community property by will. In consideration for this agreement, A. T. Smith, Sr., agreed that he would see that Alma, his wife, and Sandra, who was at that time their only grandchild, were provided for. He further agreed that A. T. Smith, Jr., was to receive a substantial portion of the community property. At this meeting A. T. Smith, Jr., agreed to take care of his mother for the remainder of her life, to take care of Sandra's support and education and to leave Sandra one-half of whatever property he owned at the time of his death.

A. T. Smith, Sr., died in 1942. His will left his property to

Josephine Smith, his two children by Josephine, and his son A. T. Smith, Jr. In a codicil executed in 1941, there is a legacy of $1,000 to Alma Smith and the expression of a desire that A. T. Smith, Jr., provide for his mother. *This will was probated in 1942 without objection from Alma.*

A. T. Smith, Jr., died in 1967 leaving a will (incorporated in the complaint by reference as an exhibit) which, contrary to the provisions of the claimed agreement between A. T. Smith, Jr., and his mother and father, disposed of his property by making specific devises to his then wife, Virginia Ball Smith[1] (hereafter referred to as Virginia), particularly the residence in which they were living, and further directed his executor to pay out of the estate any existing encumbrance. The remainder of his property he gave one-half to his wife Virginia and the balance to the Bank of California to hold in trust, the income to be paid to the wife (Virginia) during her lifetime and, if necessary for her support, the trustee in its discretion could pay her from the principal of the trust. Upon the death of Virginia, the residue in the trust, if any, was to be distributed one-half to plaintiff Sandra and one-half to be divided equally between his two other children, Albert III, and Sheila.

■ Every will, other than a nuncupative will, must be in writing (Prob. Code, § 50) and under the statute of frauds (Civ. Code, § 1624, subd. 6) an agreement to devise or bequeath any property or to make any provisions by will is invalid unless in writing. However, under certain unusual circumstances, in order to avoid unconscionable injury to one party and unjust enrichment to the other, the courts have upheld an estoppel to the assertion of the statute. (*Fallon* v. *American Trust Co.*, 176 Cal.App.2d 381, 382 [1 Cal.Rptr. 386]; *Monarco* v. *Lo Greco*, 35 Cal.2d 621, 623 [220 P.2d 737]; *Day* v. *Greene*, 59 Cal.2d 404, 410 [29 Cal.Rptr. 785, 380 P.2d 385, 94 A.L.R.2d 802].) ■ Where the facts justify an estoppel, a court of equity may effect a quasi-specific performance of the agreement by impressing a trust on the property agreed to be devised. (*Wolf* v. *Donahue,* 206 Cal. 213 [273 P. 547]; *Bank of California* v. *Superior Court,* 16 Cal.2d 516 [106 P.2d 879]; *Monarco* v. *Lo Greco, supra.*)

■ The doctrine of estoppel is applied when an unconscionable injury would result from denying enforcement after

---

[1] Virginia Ball Smith is referred to in plaintiff's complaint as "his alleged wife, Virginia Ball Smith." She is Albert T. Smith, Jr.'s, third wife.

one party has been induced to make a serious change in position in reliance on the contract or where unjust enrichment would result if a party who had received the benefits of the other's performance were allowed to invoke the statute. (*Day v. Greene, supra,* p. 410.)

It has been clearly held that it is the change of position of the *contracting parties* and not the beneficiaries of the contract that forms the estoppel to rely upon the statute of frauds. (*Ryan v. Welte,* 87 Cal.App.2d 897, 903 [198 P.2d 357].)

In the case before us the complaint alleges that Alma Smith changed her position by surrendering her right to receive her interest in the community property upon the death of her husband. The consideration for her alleged agreement to forbear contesting a will which gave away her community property was that she was to be taken care of during her lifetime after the death of her husband by her son who was to be a beneficiary of her husband's estate *and, further, that her son agreed to devise or bequeath one-half of his estate to his daughter Sandra, the plaintiff.*

The complaint alleges a breach of this oral agreement by the son, Albert Smith, Jr. Rather than devising to his daughter Sandra one-half of the property he owned at death pursuant to the agreement with his mother, Alma Smith, he left to her less than one-quarter of his property in a trust, the form of which may result in her never receiving any benefit from the bequest. *Under the terms of the trust, Sandra will receive nothing until the death of decedent's widow (Virginia), the income beneficiary, and because of the power in the trust to invade the corpus if the income be insufficient to support Virginia, Sandra may receive less than a quarter of the estate or nothing if the estate is dissipated by income payments.* There are sufficient allegations that this breach caused an unconscionable injury to Alma in that she gave up her testamentary right to leave her share of the community property involved to Sandra (*Ryan v. Welte, supra,* 87 Cal.App.2d 897), and there is an unjust enrichment in that the part of the estate due to Sandra under the contract will enrich decedent's widow who takes through the perpetrator of the alleged fraud.

 The doctrine of estoppel to assert the statute of frauds has been consistently applied by the courts of this state to prevent the manifest injustice which would result from the refusal to enforce oral contracts under the foregoing

circumstances. (See *Monarco* v. *Lo Greco, supra,* 35 Cal.2d 621; *Notten* v. *Mensing,* 3 Cal.2d 469 [45 P.2d 198]; *Aho* v. *Kusnert,* 12 Cal.2d 687 [87 P.2d 358]; *Ryan* v. *Welte, supra,* 87 Cal.App.2d 897; *Seymour* v. *Oelrichs,* 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154].)

We are well aware, as stated in *Notten* v. *Mensing, supra,* 3 Cal.2d 469, 477, that in cases involving oral agreements to make wills "the temptation is strong for those who are inclined to fabricate evidence giving color to . . . [their] claim. . . ." On the trial, however, the burden rests on the plaintiff to prove the oral agreement and the elements of the estoppel by full, clear and convincing evidence. As this appeal is before us from a judgment following the sustaining of a demurrer, we are not concerned with proof. ▮▮▮ We have determined here only that the allegations of the complaint are sufficient to state a cause of action and if those allegations are established by the convincing proof required, the agreement should be enforced. (*Notten* v. *Mensing, supra.*)

We have concluded that plaintiff's first amended complaint alleges the oral agreement, the breach, the unconscionable injury to Alma, who had been induced to give up her community property interests, and the unjust enrichment of others. All the elements of an estoppel to assert section 1624, subdivision 6 of the Civil Code have been alleged. The trial court erred in sustaining the demurrer to plaintiff's complaint.

The judgment is reversed.

Draper, P. J., and Caldecott, J., concurred.