[Civ. No. 12927. Third Dist. Oct. 1, 1971.]

Estate of CLYDE VINE MULHOLLAND, Deceased.
VERA KELTON MULHOLLAND, Petitioner and Appellant, v.
ROGER MULHOLLAND, Objector and Respondent.

**Counsel**

Richard E. Macey for Petitioner and Appellant.

Emanuel P. Razeto for Objector and Respondent.

## OPINION

**BRAY, J.**[*] — Appeal by Vera Kelton Mulholland, widow of Clyde V. Mulholland, from a judgment determining interests of legatees and devisees under a joint will and ordering preliminary distribution in accordance therewith.

### QUESTION PRESENTED

The correct interpretation of the mutual will in view of petitioner's petition for distribution under its terms.

### RECORD

Petitioner and deceased were husband and wife on October 25, 1967, and remained so until his death on June 25, 1969. On the first mentioned date they executed the conjoint or mutual will hereinafter described. After the husband's death, petitioner and Union Safe Deposit Bank, named therein as co-executors, offered the will for probate, and it was duly admitted. Administration of the estate was carried on and an inventory and appraisement filed, valuing the estate at over $286,000. Petitioner filed a petition for preliminary distribution, seeking distribution to her under the fifth paragraph of the will of Clyde Mulholland $60,000 and certain real and personal property, all totaling in value approximately $231,000. Roger Mulholland, grandson of the deceased Clyde Mulholland and step-grandson of petitioner, filed objections to the petition for preliminary distribution as not pursuant to provisions of the joint will and asked the court to distribute to petitioner *only* a life interest in said property and to impress a testamentary trust on said property for petitioner's reasonable use and enjoyment during her life and on her death the remainder to the six grandchildren mentioned in the will, the objector being one. Objector also asked the court to determine the property to which the grandchildren would succeed under the will so as to permit the calculation of inheritance taxes.

After a hearing the probate court entered a judgment decreeing that petitioner is bound irrevocably by the terms of the will "to leave the estate received thereunder to the six grandchildren," and that after determination and payment of inheritance taxes there be distributed to petitioner as a life estate the property described in her petition, "subject to reasonable use by her for her own benefit with the remainder over equally to the six grandchildren" mentioned in the will.

---

[*]Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

## The Will

The will in pertinent part provides: "We, CLYDE VINE MULHOLLAND and VERA KELTON MULHOLLAND . . . do hereby make, publish and declare this to be our last *joint* Will and Testament . . . ." (Italics added.) The will then revokes all other wills, declares that the parties have no children the issue of their marriage, sets forth that the parties each have a son by prior marriages, naming them, and then names four grandchildren of Vera and two of Clyde. Specifically, nothing is left to Vera's son since he had already been provided for. A certain bequest is made to Calvin Mulholland, Clyde's son.

"FIFTH All the rest, residue and remainder of our estate we give, devise and bequeath unto the survivor of us.

"SIXTH The survivor of us on his or her death gives, devises and bequeaths, equally, that is to say, share and share alike, the *survivor's entire estate* to the Testatrix's four grandchildren . . . [naming them] and the Testator's two grandchildren . . . [naming them]."

The survivor and the Union Safe Deposit Bank are appointed executors of this will. The bank is appointed executor of the survivor's will.

"TENTH We nominate and appoint the UNION SAFE DEPOSIT BANK as guardian of the estates of any minor grandchildren taking under this will."

## The Law

The law concerning joint or mutual wills is well settled in California.

"A conjoint or mutual will is valid, but it may be revoked by any of the testators in like manner as any other will." (Prob. Code, § 23.)

■ ". . . A joint and mutual will is one instrument executed jointly by two or more persons, the provisions of which are reciprocal." (*Daniels* v. *Bridges* (1954) 123 Cal.App.2d 585, 588-589 [267 P.2d 343].)

■ "A joint or mutual will remains revocable by either testator . . . ." (*Bee* v. *Smith* (1970) 6 Cal.App.3d 521, 525 [86 Cal.Rptr. 115].)

■ For a joint or mutual will to be irrevocable there must be an agreement in the will itself or otherwise to that effect and "[t]he mere fact that a joint will contains reciprocal, or similar or identical, provisions is not of itself sufficient evidence of a contract . . . ." (*Daniels* v. *Bridges, supra,* at p. 589.)

## The Decree of Distribution Is Correct

■ The question is not whether this will was revocable by either testator or now by petitioner. Petitioner has not attempted to revoke the will. She actually is standing on it. Her petition requests distribution to her of "a portion of the legacy and devise to her under paragraph FIFTH of decedent's will" which paragraph gives her "[a]ll the rest, residue and remainder of our estate . . , ." Whether petitioner could have revoked the will and received some other distribution of the estate is not before us. By petitioning for distribution *under the will* she is asking confirmation of the will. (See *Brown* v. *Superior Court* (1949) 34 Cal.2d 559, 564 [212 P.2d 878].)

The sole question before the court, then, is the proper interpretation of a joint will which gives the survivor all of the estate mentioned in the will but in a later paragraph provides that on the survivor's death "the survivor's entire estate" is devised to the named grandchildren of the parties.

The authorities clearly show the proper interpretation. In *Estate of Cooper* (1969) 274 Cal.App.2d 70 [78 Cal.Rptr. 740], the joint and mutual will left the property to the survivor "for . . . her own use and benefit forever," and then had a provision that each spouse agreed whoever survived would leave all property of which the survivor died possessed to certain beneficiaries. The court held that in spite of the language which seemed to give the survivor the property in fee, the proper construction of the will was that the survivor received a life estate with the right to consume it in part or all with the remainder over to the other beneficiaries. The opinion quotes at ˙ page 78 from *Estate of Smythe* (1955) 132 Cal.App.2d 343, 351 [282 P. 2d 141]: " 'Where a bequest or devise is made in ordinary language, without words of inheritance or perpetuity, but in terms standing alone to carry the absolute or fee interest, and followed by a limitation over the property not disposed of by the first taker, the first taker takes a *life estate only with power of disposal.*' " (Italics added.) In *Estate of Cooper* (p. 79) the court points out that the fact that the will did not use the term "life estate" is not fatal to the construction given of the will. " 'Where the instrument as a whole provides a limitation over, a life estate may be created even if it is not expressly declared.' " However, as stated in *Estate of Cooper, supra,* page 78, the type of life estate created by the mutual will is one which empowers the survivor to " 'consume part, or all of the principal' " for his own use and benefit. This power is restricted to the life tenant using the estate solely for his own use.

In *Estate of Cooper, supra,* 274 Cal.App.2d 70, where there was a joint will of husband and wife, the husband died first. As in the instant case, the

will "appeared to transfer full and absolute title" to the wife. In the husband's estate the decree of distribution distributed all of the property to the wife " 'in pursuance of and according to the provisions of the last will of said decedent,' " although no distribution was made to the remaindermen provided for in the will, the court held, in determining that the widow only received a life estate, that the will was incorporated " 'in the decree so as to constitute it a portion of its distributive terms and make it a part of the decree as effectually as though set forth in it.' " (P. 77.) The court in the wife's estate ordered distribution to the remaindermen.

The court said further (at p. 77): "It is probably true that the better, and certainly the more customary, practice is to have the order of distribution recite in *haec verba* those provisions of the will deemed pertinent by the probate court or to incorporate provisions into the order by more specific reference."

The court in the instant case followed the practice which *Cooper* states is the "better, and . . . more customary, practice . . . ."

" 'It appears to be settled by the overwhelming weight of authority that the mere fact that the first taker is invested with the power to dispose of or consume the whole of the property for certain purposes does not invest him with the absolute ownership thereof and render the gift over void, where taking the whole instrument together it is concluded that the intent was to give only an estate for life, with limited power of disposal or consumption.' " (*Estate of Smythe, supra,* 132 Cal.App.2d 343, 347.) In that case the court reviews a number of cases in which the wills were similar to that in the case at bench. What appears to be an outright bequest to one but with a provision that on that one's death the property should go to another is held to grant only a life estate with power of reasonable consumption to the first.

In *Adams* v. *Prather* (1917) 176 Cal. 33, 40 [167 P. 534], the court pointed out that while the life estates in question give the life tenant the reasonable right to use and consume the life estate property, he cannot give it away or make it subject to testamentary disposition at his death.

Petitioner takes the erroneous position that as paragraph five on its face appears to be an outright devise of the entire residue, she is entitled to have it distributed to her in fee. As shown by the authorities mentioned herein, the proper interpretation of a joint will which appears to leave the entire estate to the survivor but which has a provision such as paragraph six of this will is that the survivor gets a life estate with reasonable

power of consumption under the rule that one getting the benefit of the provisions of a will is bound by its obligations—whatever the survivor does not consume must go to the remaindermen.

Judgment is affirmed.

Friedman, Acting P. J., and Pierce, J.,* concurred.

A petition for a rehearing was denied October 27, 1971, and appellant's petition for a hearing by the Supreme Court was denied November 24, 1971.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.