943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ilse KAYE and Hannelore Hirsch, Plaintiffs-Appellants,
v.
Clifford J. KRUEGER, Executor of the Estate of Alice
Hamburger, Deceased, and Frank Hamburger,
Defendants-Appellees.
 No. 89-16627.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1991.
Decided Sept. 13, 1991.
 
 Before TANG, FARRIS, D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. Overview
 
 2
 Appellants Ilse Kaye and Hannelore Hirsch appeal in this diversity action from the district court's judgment denying them an accounting of the property held by the estate of Alice Hamburger, and denying them any of the cash or personal property that is now part of Alice Hamburger's estate. Appellants claim a right to this property under the terms of the mutual will executed between their mother and Herbert Hamburger. We affirm.
 
 II. Discussion
 A. Entitlement to a Constructive Trust
 
 3
 This suit is before us under diversity jurisdiction. We review de novo the district court's conclusions on matters of state law. In re McLinn, 739 F.2d 1395, 1401 (9th Cir.1984).
 
 
 4
 Appellants are the daughters of Erna Hamburger, who made a mutual will dated April 13, 1963, with her second husband, Herbert Hamburger. Those wills provided that all property would go to the survivor of the couple, and upon the death of the survivor, 1/3 of the remainder would go to appellant Ilse Kaye, 1/3 to appellant Hannelore Hirsch, and 1/3 to Frank Hamburger, Herbert's nephew. The will also contained a clause stating that neither Erna nor Herbert would change their wills without the consent of the other spouse, nor would they alter their wills after the other spouse's death. Erna Hamburger died in 1967 without having revoked her will.
 
 
 5
 In 1969 Herbert married Alice. He died 16 years later in 1986. Shortly thereafter, Alice Hamburger was declared incompetent and passed away in 1989.
 
 
 6
 Appellants contend that Herbert and Alice were constructive trustees of a trust created for them as beneficiaries under Herbert and Erna's 1963 mutual wills. They claim title to the monetary assets in Alice's estate, contending that they are the product of the estate of Herbert and Erna which was subject to the terms of the mutual will.
 
 
 7
 At the time of Erna's death in 1967, Erna and Herbert possessed $22,500 in bank accounts and legal claims. Upon Herbert's death, he held $261,775.00 in certificates of deposits. Appellants claim that amount is trust property (which he invested and reinvested) and that they are entitled one-third each, plus interest, from the date of Herbert's death. The district court found that appellants had not met their burden of tracing the money to Alice and that Alice owed no fiduciary duty to appellants as a constructive trustee. Although appellants were awarded the house which Erna and Herbert owned and Alice lived in at the time of her death, they were denied any share of the other assets in Alice's estate.
 
 
 8
 Under the mutual will, Herbert received a life estate with a reasonable power of consumption. In re Estate of Mulholland, 20 C.A.3d 392, 396-397, 97 Cal.Rptr. 617 (1971). Whatever he did not reasonably consume must go to the beneficiaries. Id.
 
 
 9
 Herbert lived some 16 years after Erna's death. Erna's monetary assets at the time of her death would have provided an income of a little over $1,400 a year if consumed evenly over Herbert's lifetime. Contrary to what appellants claim, it is far from obvious that the $261,775.00 Herbert held in certificates of deposits at his death is the product of the investment of the original sum. Herbert could have reasonably spent the original sum, while investing his second wife's separate property.
 
 
 10
 Appellants are not entitled to a constructive trust based upon what might have happened. Instead, they bear the burden of proof in tracing the assets of their mother's estate to Herbert and then to Alice. See Republic Supply Co. v. Richfield Oil Co., 79 F.2d 375 (9th Cir.1935); Tretheway v. Tretheway, 16 C.2d 133, 104 P.2d 1033 (1940); Restatement (Second) of Torts § 202, comment (o). When the money or property of the trustor can be traced into a particular fund or deposit where it remains, though mingled with other money, the beneficiary may seek to follow the specific property and enforce a constructive trust. Newport v. Hatton, 195 Cal. 132, 150, 231 P. 987 (1924). Once that proof is made, the burden shifts to the trustee to show that she acted in good faith in handling the trust funds and to distinguish trust assets from personal assets. Id.; Republic Supply, 79 F.2d 375.
 
 
 11
 Appellants were given an accounting of all the information available to Alice's estate and were unable to make a "strong showing of tracing" as required under Republic. Neither did they show any misappropriation of funds as in Republic Supply, or other acts of malfeasance which might lead to the imposition of a constructive trust. The district court did not err in concluding that appellants did not meet their tracing burden and that Alice was not a constructive trustee.
 
 B. Duty to Account to Beneficiaries
 
 12
 Appellants challenge the district court's denial of their request for a second accounting by Alice's estate. An accounting is appropriate where a fiduciary duty exists between the parties and the facts are particularly within the knowledge of the party having the fiduciary duty. Smith v. Blodget, 187 Cal. 235, 242, 201 P. 584 (1921). A trustee must give beneficiaries, on their request at reasonable times, complete and accurate information regarding the administration of the trust. Strauss v. Superior Court, 36 C.2d 396, 401, 224 P.2d 726 (1950).
 
 
 13
 Early in the litigation, the district court ordered Alice's estate to give appellants an accounting of her assets. However, the court later rejected a request that a new accounting be ordered on the grounds that the one provided was deficient under Repulic Supply Co. v. Richfield Oil Co., 79 F.2d 375. The district court found that Republic Supply did not apply because Alice was not the constructive trustee of any trust of which they were the beneficiaries. The court also found that appellants had not met their burden under Republic Supply of tracing the trust assets from Herbert to Alice. The court then ordered appellants to make a "strong showing of tracing" under Republic Supply through memorandum or accounting and declared that it would grant judgment to appellees if that burden was not met.
 
 
 14
 The district court did not err in refusing to order a new accounting. Although appellants claim that the lack of records makes the tracing impossible, if there is no duty to keep records, this court can grant no relief. Appellants have failed to establish a fiduciary relationship with Alice's estate that would entitle them to such an accounting.
 
 III. Conclusion
 
 15
 For the foregoing reasons, the district court's judgment denying appellants an accounting is affirmed. The district court's judgment denying appellants any part of the estate is also affirmed.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3