**In the Matter of the Estate of Rex WHITING, Deceased.**

**Ronald Lee WHITING and Donna Ann White, Appellants,**

v.

**Janis Lee BENTLEY, Appellee.**

**No. 71761.**

Court of Appeals of Oklahoma, Division No. 4.

Jan. 30, 1990.

256

F.H. Wright, Wright & Wright, Oklahoma City, for appellants.

Gale F. Smith, Edmond, for appellee.

BRIGHTMIRE, Chief Judge.

The dispositive issue for review is whether mutual wills executed by a man and his wife which contain irrevocability agreements are rendered void by the terms of 84 O.S.1981 § 52.

The trial court held they were not and admitted the man's will to probate. The will contestants appeal. We affirm.

I

The groundwork for this litigation was laid on August 16, 1980, when Rex Whiting and his wife, Leona Mae Whiting, executed conjoint or mutual wills each of which contained the following irrevocability clause, identical except for the noun and pronoun self-references of the testators:

"By the execution of new Wills today my husband [wife] and I have effectively revoked our Wills of October 23, 1979 by agreement. Because my husband [wife] and I each have, on the date of the execution of this Will, made our Wills in consideration of the other's Will, and because we have agreed that our Wills shall be irrevocable, I covenant and agree not to revoke, cancel, annul, modify, amend, or change, (unless by written consent of my husband, [wife] or unless a divorce is granted either of us) this Last Will and Testament, because of the method by which he [she] has devised his [her] property. By the term 'irrevocable' I mean that I shall not revoke this Will during his [her] lifetime or my lifetime. This provision is also contained in the Will of my husband [wife] and is stated herein to disclose our mutual agreement."

In their wills, the testators specified that all property should go to the survivor and, upon death of the survivor, to the two children of Rex and the daughter of Leona.

Two weeks after executing her will, Leona died. Her will was never offered for probate primarily because virtually all of the couple's property was held in joint and several tenancy.

Rex exercised dominion over the property until he died some seven years later. There is no evidence he ever expressed a desire, or ever attempted, to revoke his will.

After Rex's November 19, 1987, death Leona's daughter, Janis Bentley, offered his 1980 will for probate on February 24, 1988.

On March 8, 1988, the two children of Rex, Ronald Lee Whiting and Donna Ann White, are said to have filed their objection to probating the will.[1] On May 27, 1988, the contestants filed a motion for summary judgment—which they entitled "Brief in Support of Motion for Summary Judgment"—premised mainly on the legal theory that Rex's will was "void for failure to comply with 84 O.S. § 52," and that the

1. This information is contained in a "Brief in Support of Motion for Summary Judgment" filed May 27, 1988, by the contestants. The objection document was not designated and consequently is not in the record.

testator's agreement to make his will irrevocable during his lifetime "was not supported by consideration."

On July 18, 1988, the controversy came on for hearing. The trial court overruled the contestants' objection on August 26, 1988, admitted the will to probate, and set September 27, 1988, for hearing any objections to the appointment of Janis Bentley as executrix of subject estate.

On September 26, 1988, however, the contestants filed this appeal and consequently the trial court stayed the proceedings on September 27, 1988, until further order of the supreme court.

## II

The sole proposition advanced by the contestants is that the irrevocability clauses render the contract set out in the mutual wills of Rex and Leona unlawful, which in turn makes the wills void.

The contention is without merit. We cannot accept the contestants' interpretation of 84 O.S.1981 § 52, as forbidding parties to conjoint or mutual wills from entering into a contract to make their wills irrevocable.

Section 52 reads as follows:

"A conjoint or mutual will is valid, but it may be revoked by any of the testators in like manner with any other will."

It is clear to us that the legislative intent underlying the statute was to make it plain that (1) the execution of conjoint or mutual wills is permissible, and (2) by reason of having executed mutual wills neither testator is prohibited from revoking such a will. The language cannot, in our opinion, be expanded to prohibit people from validly contracting to achieve irrevocability of their mutual wills. This conclusion is consistent with those stated by the high court in *Coffey v. Price*, 380 P.2d 537 (Okl.1963), and *Lyons v. Luster*, 359 P.2d 567 (Okl. 1961).

## III

The trial court's order admitting Rex's will to probate is affirmed and the cause is remanded for further proceedings.

AFFIRMED.

REIF and STUBBLEFIELD, JJ., concur.