In The Matter of the ESTATE OF
George W. RICHARDSON,
Deceased.

Julia J. NOVICK and Lavon Booker,
et al., Plaintiffs/Appellees,

v.

Marlan BOOKER, Defendant/Appellant.

No. 83802.

Court of Appeals of Oklahoma,
Division No. 1.

Feb. 21, 1995.

Rehearing Denied April 10, 1995.
Certiorari Denied July 13, 1995.

Fred Kramer, Duncan, for appellant.

John Munkacsy, Lawton, for appellees.

### MEMORANDUM OPINION

HANSEN, Presiding Judge:

Appellant, Marlan Booker, seeks review of the trial court's order which denied his petition to probate a lost mutual will. Appellant is a beneficiary and first alternate co-executor in the 1983 mutual will of Decedent, George W. Richardson and Decedent's wife, Olleen Richardson. Appellees Julia J. Novick and Lavon Booker et al. are other heirs of Decedent who contested the petition to probate the 1983 will filed by Appellant. Appellees contested the probate of this will, contending the will had been revoked in its entirety by Olleen Richardson's execution of a new separate will in 1987. Appellees, Kathy Seay and Caroline Babbitt, petitioned the court to probate another mutual will executed in 1982.[1] The trial court found Olleen Richardson revoked the 1982 and 1983 mutual and conjoint wills by making a subsequent will prior to the death of her husband which, "under 84 O.S.1991, § 52, operated to revoke the mutual and conjoint wills *in their entirety for both parties.*"

The facts indicate that on March 2, 1982, Decedent and Olleen Richardson executed a "mutual and conjoint will". On December 5, 1983, the Decedent and Olleen Richardson executed a second "mutual and conjoint" will. In the 1983 will, Decedent and Olleen bequeathed to the survivor, all of the other testator's property. In the event both testators died in a common disaster, the testators jointly and severally devised all personal and

---

1.  The trial court's order states Case Nos. P–93–177 (Appellant's Petition for Probate) and P–94–38 were consolidated for disposition. A copy of the petition in P–94–38 is not in the appellate record, but it appears to be the petition of Kathy Seay and Caroline Babbitt for the probate of the March 2, 1982 mutual will of G.W. Richardson and Olleen Richardson.

real property to various relatives of the testators listed in paragraph 4 of the will. When the surviving testator dies, the estate of the survivor was to be distributed to these same relatives in the proportions set forth in paragraph 4. On March 20, 1987, Olleen Richardson executed a will which expressly revoked and cancelled all other former wills. In July, 1987, Olleen Richardson died. The 1987 will of Olleen Richardson was admitted to probate her estate in Case No. P–87–265. In 1993, George Richardson died.

■ On appeal, Appellant contends that a joint will is the separate will of both testators and a revocation of the will by one testator only revokes the will as to that testator. In other words, Appellant contends Olleen Richardson's revocation of the mutual wills by the execution of a will in 1987 only revoked the will as to her and that the 1983 mutual will may be admitted to probate the estate of George Richardson.

84 O.S.1991, § 52 provides:

A conjoint or mutual will is valid, but it may be revoked by any of the testators in like manner with any other will.

This statute is identical to a California statute. *Horton v. Cronley*, 270 P.2d 306 (Okla. 1953). In the case of *Daniels v. Bridges*, 123 Cal.App.2d 585, 267 P.2d 343, 345 (1954), the California appellate court stated:

A joint will is a single testamentary instrument constituting or containing the wills of two or more persons, and jointly executed by them as their respective wills. It is not necessarily either mutual or reciprocal. It is, in legal effect, the separate will of each of the persons executing it. The fact that it is executed*by both or all of such persons does not affect its validity or effect as the will of anyone of them. Mutual wills

are the separate wills of two or more persons which are reciprocal in their provisions. A joint and mutual will is one instrument executed jointly by two or more persons, the provisions of which are reciprocal. Each will, in one instrument, is a unilateral act, and its execution creates no rights in the legatees or devisees, as the will is ambulatory until the death of the testator. A joint or a mutual will may be revoked by any of the testators in like manner as any other will.

■ The Legislative intent of 84 O.S.1991, § 52 is 1) to permit the execution of conjoint or mutual wills, and 2) by reason of having executed mutual wills neither testator is prohibited from revoking such a will. *In the Matter of Estate of Whiting*, 789 P.2d 255, 257 (Okla.App.1990). Section 52 "does not say that each of the makers of a conjoint will must consent to its revocation but, on the contrary, says that it may be revoked by any of the testators." *Horton v. Cronley*, 270 P.2d 306 (Okla.1953). Parties executing a conjoint or mutual will do so with notice given by 84 O.S.1991, § 52, that such will may be revoked by any of the testators in like manner with any other will. *Robison v. Graham*, 799 P.2d 610 (Okla.1990). Both parties to this appeal maintain there is no evidence the conjoint and mutual wills of George and Olleen Richardson were the product of a contract between them such as would render either the 1982 or 1983 wills irrevocable.[2]

An examination of other states' decisions and the history of joint and mutual wills indicates the general rule is that a will jointly executed by two or more persons is the separate will of each of them and is revocable at any time by any of them, at least in the absence of a contract that provides other-

---

2.  To deprive either testator of a joint and mutual will of the right to revoke such mutual will it is necessary to show by clear and satisfactory evidence that the will was executed pursuant to a contract between the parties. *Burkhart v. Rogers*, 134 Okla. 219, 273 P. 246 (1928); *Paull v. Earlywine*, 195 Okla. 486, 159 P.2d 556 (1945). The mere fact that a joint and mutual will contains reciprocal or identical provisions is not by itself sufficient evidence of a contract. *Loflin v. Capps*, 327 P.2d 443 (Okla.1958); *Daniels v. Bridges*, 123 Cal.App.2d 585, 267 P.2d 343 (1954). Thus,

in Oklahoma, a "mutual will" is not necessarily the product of a contract between the parties.

The 1983 will of George and Olleen Richardson expressly notes the surviving testator could make a subsequent will:

7.  In case either testator survives the other, *but makes no other or later Will,* then and in that event the estate of the survivor shall pass under and according to the program of distribution as set forth in paragraph 4 above with co-executors as appointed in paragraph 5 above.

wise.[3] In *Florey v. Meeker*, 194 Or. 257, 240 P.2d 1177, 1184 (1951), the Oregon Supreme Court stated:

> In many decisions it will be found that testamentary dispositions are referred to as a joint or mutual or reciprocal will; this, however, is incorrect for no matter what the form of the will may be and although two or more persons may jointly execute a single testamentary document, the instrument is the separate will of each testator and its legal effect is separate and distinct and not joint. In this regard there can not be a joint will. Two or more persons can undoubtedly make separate wills in favor of each other or of some third party; but there is no legal objection to making the same dispositions by one document. The law does not hold it to be a single will because all the makers have subscribed the same instrument or have declared it to be their last will and testament in the presence of the same witnesses and at the same time, but views it as the separate act of each. After the death of the one first dying, the instrument may be offered and proved for probate as his will and the signatures, declarations and acts of the others, although they may be admitted in evidence as part of the res gestae, may be regarded as surplusage in so far as proving the will of the one deceased is concerned. The same testamentary document may thereafter, in the event it has not been revoked by a survivor, be admitted to probate as his will. The property disposed of may be joint or separate, but the declared intentions of each testator affect only his own property or his share in joint property.

*Florey*, 240 P.2d at 1184.

If the 1983 conjoint and mutual will is actually the separate will of both George Richardson and Olleen Richardson, then Olleen Richardson's revocation of the will in 1987 only revoked the 1983 will *as to her*. It did not revoke the will of George Richardson, so as to leave his estate subject to the laws of intestate succession. See *In Re: Rolls' Estate*, 193 Cal. 594, 226 P. 608 (1924).[4] An Oklahoma decision which shows a joint will may be admitted to probate for only one of the testators is *Rogers v. Mosier*, 121 Okla. 213, 245 P. 36 (1926). In *Rogers*, a husband and wife executed a joint will with reciprocal provisions. The will was conditional as to the husband, that is, it was not to take effect as to him unless he died first or unless he and his wife died simultaneously. Because the wife died first, the conjoint will could properly be considered her will and probated, but could not be considered the will of the husband.[5]

■ A determination that the revocation of a conjoint or mutual will by one of the testators to that will only revokes the will as to that testator, at least in the absence of an agreement providing otherwise, is not contrary to the plain language of 84 O.S.1991, § 52. The statute simply establishes the validity of such wills and makes clear such wills may be revoked by either testator in the manner of other wills. The statute may be read consistently with decisions in this and other states, which hold mutual wills not the product of contract are the separate wills of each testator and may be admitted to pro-

---

**3.** Annot., 17 A.L.R. 4th 167 (1982); 79 Am.Jur.2d *Wills*, § 767 (1975); Atkinson, *Law of Wills*, § 49 (1937).

**4.** In *In Re: Rolls' Estate*, a husband and wife executed a conjoint, mutual will. The husband died and the wife executed a new will, revoking the prior mutual will. The court held the wife's revocation was only effective as to her estate and the conjoint will was properly admitted to probate the husband's estate.

**5.** The appeal of the order admitting the mutual will on the wife's probate in *Rogers* is reported in *Burkhart et al. v. Rogers*, 134 Okla. 219, 273 P. 246 (1928). In this decision, the Oklahoma Supreme Court concluded the mutual will was ineffective from the beginning as to the wife because the husband executed the will leaving out a daughter of his. This was equal to a fraud on the wife. As a pretermitted heir, the daughter was entitled to inherit under statute, making the most the wife could inherit from the husband one-half of his estate, instead of all of it. The Court concluded the testators' intent was to have the will apply to *both or to none* and denied probate of the will for wife's estate. *Burkhart* is distinguishable from the present action in that it involved a will which was found to be *ineffective ab initio* and contrary to the "agreement" of the parties.

bate as the will of one testator and not another. When a statute is clear and unambiguous, rules of statutory construction are not applied. *Brigance v. Velvet Dove Restaurant,* 756 P.2d 1232 (Okla.1988). Accordingly, the trial court erred in denying the petition to probate the 1983 will of George Richardson. Having so determined, we need not address Appellant's alternate proposal that the 1987 will of Olleen Richardson simply "republished" the 1983 will and that therefore the 1983 will should be admitted.

The order of the trial court denying Appellant's petition to probate the 1983 will is REVERSED and this cause is REMANDED for further proceedings.

CARL B. JONES and JOPLIN, JJ., concur.