Dear Representative Newport,
¶ 0 This Office has received your request for an Attorney General Opinion addressing, in effect, the following question:
1. Does the Oklahoma Agents Licensing Act, 36 O.S. 1421-36O.S. 1429 require telephone representatives of insurancecompanies who do direct telephone soliciting in Oklahoma belicensed as insurance agents?
 2. If so, are they required to show proof of continuingeducation?
¶ 1 In order to answer your question, several provisions of the Agent Licensing Act ("Act"), 36 O.S. 1421-36 O.S. 1429
(1998), must be considered.
 AGENTS LICENSING ACT
A. Purpose Behind the Act
¶ 2 It is well-settled that the business of insurance is affected with the public interest and that it is a proper subject of regulation and control by the state by virtue of its police powers. See Insurance Co. of North America v. Welch, 154 P. 48,49 (Okla. 1915). This right to regulate insurance also includes the right to control the agents and brokers through whom such business is carried on. See O' Gorman Young v. Hartford FireIns. Co., 282 U.S. 251 (1931). The states also retain the right to require all persons who engage in the insurance business within their borders to first secure a license from the proper authority.
¶ 3 The purpose behind the licensing statutes is to protect the public and to safeguard rights of those dealing with agents. SeeWaite v. Holmes, 327 P.2d 399, 407 (Mont. 1958). These statutes are designed to protect public rights, not private rights. SeeStandard Ins. Co. v. Sturdevant, 566 P.2d 52, 54-55 (Mont. 1977). Thus, statutes that make it unlawful for one to act as an insurance solicitor without a license must be construed to protect the policyholders. See Houston Fire Cas. Ins. Co. v.Jones, 315 F.2d 116, 119 (10th Cir. 1963). The purpose of the statutes that make an insurance agent who discharges certain duties an agent of the insurer as to all duties and liabilities imposed by law is to enable the state to effectively supervise insurance companies and their agents. See Saucier v. Life Cas.Ins. Co. of Tenn., 198 So. 625, 627 (Miss. 1940). It is with these stated purposes in mind that we now turn to the Act.
B. The Act
¶ 4 The Oklahoma Agents Licensing Act is codified at 36 O.S.1421-36 O.S. 1429 (1991-1998). By creating this Act, the Legislature has expressed a desire to protect the public by ensuring that those involved in the transaction of insurance are properly licensed and regulated by a state entity. The provisions of the Act that are pertinent to your questions are as follows:
¶ 5 Section 36 O.S. 1422(3) defines an insurance agent as:
 An individual or legal entity appointed by an insurer to solicit applications for a policy of insurance or to negotiate a policy of insurance on its behalf.
 Any person not duly licensed as an insurance agent, surplus line insurance broker . . . who solicits a policy of insurance on behalf of an insurer shall be deemed to be acting as an insurance agent within the meaning of this [A]ct, and shall thereby become liable for all duties, requirements, liabilities, and penalties to which an insurance agent of the company is subject. (Emphasis added).
¶ 6 Section 36 O.S. 1423(A) reads in pertinent part:
 Every agent, customer service representative, or limited insurance representative who solicits or negotiates an application for insurance of any kind shall, in any controversy between the insured or the insured's beneficiary and the insurer, be regarded as representing the insurer and not the insured or the insured's beneficiary." (emphasis added).
¶ 7 Section 36 O.S. 1425(B)(1) reads in pertinent part:
 The application for an insurance agent, managing general agent, or limited insurance representative license shall be accompanied by a written appointment. The appointment shall be made by an officer of the insurer designating the applicant as an insurance agent, managing general agent[.]
¶ 8 Your question asks, in light of the foregoing statutory framework, whether a telephone representative who engages in direct telephone solicitation in Oklahoma for an insurance company is acting as an agent for the company and is thereby required to be licensed. The answer to this question of course would depend on the nature of the conversation between the representative and the customer because, as will be seen later in the Opinion, not all contact between an insurance company employee requires the employee to be licensed. Nevertheless, since the definition of an insurance agent includes the terms "solicitation" and/or "negotiation" of an insurance policy, any company representative who "solicits" or "negotiates" a policy of insurance would have to be licensed. Likewise, such person would be considered the agent of the insurer for whom it was soliciting whether officially licensed or not. 36 O.S. 1422(3) (1998).
¶ 9 The question then must be asked, what action constitutes the "solicitation of an insurance policy?" It is a well-settled principle of statutory construction that words of statutes will be given plain and ordinary definition of words used, unless context dictates a special or technical definition is to be utilized. See In re Estate Tax Protest of Leake Estate,891 P.2d 1299, 1302 (Okla.Ct.App. 1994).
¶ 10 In this regard, Webster's Third New International Dictionary, page 2169, defines "solicit" as: "to strongly urge . . . to endeavor to obtain by asking or pleading . . . to induce." Likewise, case law suggests the term "soliciting" will include such things as invites, requests, urges, advises, endeavors to obtain, approaches or asks for the purpose of coverage whether or not he or she affirmatively sought to "solicit it." See Paulsonv. Western Life Ins. Co., 636 P.2d 935, 949 (Or. 1981).
¶ 11 Finding no definition of the term "negotiate" in the Act, it must be given the plain and ordinary meaning, Webster's Third New International Dictionary, page 1514, defines "negotiate" as "to communicate or confer with another to arrive at some matter."
¶ 12 Thus, the ultimate answer to your question would depend on the nature of the conversation between the representative of the insurer and the customer. However, as described hereinabove, the term solicitation has been given a broad interpretation as it relates to the statutory language in question. Likewise, the term "negotiated" has a broad definition.
¶ 13 If it is concluded that the representative is soliciting and/or negotiating insurance in Oklahoma, the Act would require him or her to be licensed as an agent unless he/she falls within a statutory exemption.
¶ 14 In looking through the Insurance Code, the only exception to the requirement of licensure can be found at Section 1424.18. Section 36 O.S. 1424.18 reads as follows:
 No license as an insurance agent, surplus lines insurance broker, customer service representative, or limited insurance representative shall be required of the following:
 1. Any regular-salaried officer or employee of an insurance company, or of a licensed insurance agent, surplus lines insurance broker, or limited insurance representative, if the duties and responsibilities of said officer or employees do not include the negotiation or solicitation of insurance. (Emphasis added).
¶ 15 Where statutory language is unambiguous, there is no need to resort to statutory construction. In re Estate ofRichardson, 899 P.2d 1178 (Okla.Ct.App. 1995). This exemption is unambiguous as to whom and what it covers. Thus, "regular salaried officers or employees" of the company are exempt only if the conversation includes such things as taking information and entering it into a computer. When the officer's and employee's conduct includes the solicitation and/or negotiation of a policy of insurance, an insurance agent's license is required.[1]
¶ 16 Your second question asks if the telephone representatives who are required to be licensed are required to show proof of continuing education? Title 36 O.S. 1426A(A)(1) (1998) requires that each insurance agent "shall, biennially, complete not less than fourteen (14) clock hours of continuing insurance education which shall cover subjects in the lines for which the agent is licensed." It is a well-settled principle that use of the term "shall" is mandatory. See Sneed v. Sneed, 585 P.2d 1363, 1364
(Okla. 1978). Thus, by incorporating the term "shall", the Legislature has made it clear that all insurance agents must comply with the continuing education requirements. Therefore, if a representative of an insurance company is an insurance agent, he or she would be required to comply with the continuing education requirements as set forth herein.
¶ 17 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Pursuant to the Agents Licensing Act, 36 O.S. 1421-36O.S. 1429 (1991), a telephone representative who works for aninsurance company doing direct telephone solicitation in theState of Oklahoma, must be licensed as an insurance agent.Whether a specific transaction constitutes a solicitation is aquestion of fact that must be determined on a case-by-case basisand is beyond the scope of this Opinion.
 2. If an individual telephone representative is required to belicensed as an insurance agent, he or she is required to showproof of completion of continuing education as required in Title36 O.S. 1426(A).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOSEPH L. McCORMICK IV ASSISTANT ATTORNEY GENERAL
[1] The determination of whether certain conduct constitutes solicitation and/or negotiation is a question of fact and is, therefore, beyond the scope of this Opinion. 74 O.S. Supp. 1998,§ 18b[74-18b](A)(5).